# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2017, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
David E. Corey
Deputy Attorneys General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of:
I.K. *(Minor Child)*
*Child in Need of Services*

and

S.S. *(Mother)*,

*Appellant-Respondent,*

v.

The Indiana Department of
Child Services,

*Appellee-Petitioner.*

April 18, 2017

Court of Appeals Case No.
49A02-1610-JC-2413

Appeal from the Marion Superior Court

The Honorable Heather Welch, Special Judge

Trial Court Cause No.
49D09-1602-JC-545

**Robb, Judge.**

# Case Summary and Issues

[1]  S.S. ("Mother") appeals the juvenile court's adjudication of her child, I.K. ("Child"), as a child in need of services ("CHINS"). Mother raises two issues on appeal: 1) whether Indiana Code section 31-34-21-5.6 ("No Reasonable Efforts Statute") is unconstitutional as applied to her, and 2) whether the juvenile court abused its discretion in concluding the Department of Child Services ("DCS") need not provide reasonable efforts to reunify Mother and Child. Concluding the No Reasonable Efforts Statute is not unconstitutional as applied to Mother and the juvenile court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2]  Mother is the biological parent of ten children. She has an extensive history with DCS, including at least thirteen reported instances of child abuse or neglect, and her parental rights to two children were previously terminated. In addition, we recently affirmed a juvenile court's adjudication of four of her children as CHINS. *See Matter of S.G. v. Ind. Dep't of Child Servs.*, 67 N.E.3d 1138, 1139-44 (Ind. Ct. App. 2017) (providing a detailed factual summary of Mother's history with DCS). There, Mother raised the same two issues she raises today.

[3]  At thirty-six years old, Mother gave birth to Child, her youngest, on February 11, 2016. When Mother was admitted to the hospital to give birth, she tested positive for cocaine and Child's umbilical cord also tested positive for cocaine.

DCS was notified the following day of Mother's drug test results and removed Child from Mother's care.

[4] On February 16, 2016, DCS filed a petition alleging Child was a CHINS. On April 26, 2016, the guardian ad litem and DCS filed a joint motion requesting the juvenile court find DCS need not provide reasonable efforts to reunify Mother and Child pursuant to the No Reasonable Efforts Statute, citing the termination of Mother's parental rights to two other children. Following a hearing on the motion and a fact-finding hearing, the juvenile court adjudicated Child a CHINS and concluded DCS need not provide reasonable efforts to reunify Mother and Child. On September 30, 2016, the juvenile court issued its dispositional and permanency order, ordering no services be provided to Mother and approving adoption as the permanency plan. This appeal ensued. Additional facts will be added as necessary.

# Discussion and Decision

[5] Mother challenges the juvenile court's determination that DCS need not provide reasonable efforts to reunify her with Child. Generally, DCS is legally required to make reasonable efforts to preserve and reunify families once a child has been declared a CHINS. Ind. Code § 31-34-21-5.5(b)(2). However, Indiana Code section 31-34-21-5.6(b)(4) provides DCS is not required to make reasonable efforts if "[t]he parental rights of a parent with respect to a biological or adoptive sibling of a child who is a child in need of services have been involuntarily terminated by a court . . . ." Here, the juvenile court concluded

reasonable efforts are not required because Mother's parental rights to two children were previously involuntarily terminated.

[6] On appeal, Mother first contends the No Reasonable Efforts Statute is unconstitutional as applied to her.

> Whether a statute is constitutional on its face is a question of law, which our court reviews *de novo*. Statutes are clothed in a presumption of constitutionality. Thus, an individual challenging the constitutionality of a statute bears the burden of rebutting this presumption. All reasonable doubts must be resolved in favor of an act's constitutionality. When a statute can be so construed to support its constitutionality, we must adopt such a construction.

*Matter of S.G.*, 67 N.E.3d at 1144 (citations and internal quotation marks omitted). However, upon review of Mother's Appellant's Brief in both this case and in *Matter of S.G.*, *see infra*, we note the argument sections addressing the constitutionality of the statute in each brief are *identical*. Mother cites to no facts or additional authority relevant to Child that would dissuade us from applying our decision in *Matter of S.G.* to the instant case. For this reason, we refer to *Matter of S.G.* and conclude the No Reasonable Efforts Statute is not unconstitutional as applied to Mother. *Id*. at 1144-46.

[7] Mother also argues the juvenile court abused its discretion in applying the No Reasonable Efforts Statute to this case. Again, Mother also raised this issue in *Matter of S.G.* and the arguments in both briefs are vastly similar, each contending the evidence shows Mother was and is capable of participating in

services and reunifying with her children.  In addressing this argument in *Matter of S.G.*, we concluded Mother's claim held no merit, reasoning as follows:

> Between 1999 and 2016, DCS substantiated at least thirteen instances of child abuse or neglect against Mother, which resulted in eleven separate CHINS cases involving all of her children at various points, as well as the termination of her parental rights to two children. . . .  We agree with Mother that she has previously demonstrated an ability to reunify with her children; yet . . . her failure to take advantage of multiple opportunities to make permanent changes in her life has resulted in a perpetual cycle of instability for all of her children.

*Id*. at 1145-46.  We see and Mother points out no differences between the instant case and *Matter of S.G.* and we therefore conclude the juvenile court did not abuse its discretion in applying the No Reasonable Efforts Statute to the instant case.

# Conclusion

[8] We conclude the No Reasonable Efforts Statute is not unconstitutional as applied to Mother and the juvenile court did not abuse its discretion in applying the statute to this case.  Accordingly, we affirm.

[9] Affirmed.

Vaidik, C.J., and Bailey, J., concur.